**UNITED STATES of America,**
**Plaintiff,**

v.

**John Taylor QUEEN, a/k/a Jerry Arnold,**
**Defendant.**

**Crim. No. 70–118.**

United States District Court,
W. D. Oklahoma.

June 15, 1970.

William R. Burkett, U. S. Atty., Jeff Laird, Asst. U. S. Atty., for plaintiff.

Jay Bond, of Ross, Holtzendorf & Bond, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

█ Defendant has moved to dismiss the Indictment herein charging him with a violation of 18 U.S.C.A. § 660, on the ground that the Indictment does not state an offense. Defendant was employed as a helper by an individual who owned a truck and leased the same with himself as driver to a common carrier engaged in interstate commerce. Defendant claims only that his employer was not a common carrier engaged in interstate commerce. There is, however, no question that Defendant's employer was engaged in interstate commerce. See Wolk v. United States, 94 F.2d 310 (Eighth Cir. 1938), construing 18 U.S.C.A. § 409 (1933 ed.), which statute was incorporated into the present 18 U.S.C.A. § 660.

There seems to be no decision construing what is meant by the words "common carrier" in the statute under which Defendant is being prosecuted. In no instance is "common carrier" defined in Title 18, U.S.C.A., and in only one instance is a specific reference made to the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., in order to define a common carrier. See 18 U.S.C.A. § 831. The undefined words "common carrier" appear many times in Title 18, U.S.C.A. See 18 U.S.C.A. §§ 245, 508, 1264, 1265, 1462 and 1953.

There exist both common law and statutory definitions of common carriers. See 13 C.J.S. Carriers § 3a., and 49 U.S.C.A. § 303(14). The Interstate Commerce Act, 49 U.S.C.A. § 1 et seq. apparently antedates 18 U.S.C.A. § 660 and its predecessors, the Act originating in 1887 and the statute first coming into being in 1913. There is no clue as to whether Congress was referring to the common law definition of a common carrier or to the specialized statutory definition of 49 U.S.C.A. § 303(a) (14). If this statutory definition may be said to control, Plaintiff will be required to prove that Defendant's employer was a person coming within the statutory definition, and on the basis of the facts as represented by Plaintiff, Defendant's employer fits the definition of a contract carrier as defined in 49 U.S.C.A. § 303 (a) (15) rather than that of a common carrier as defined in 49 U.S.C.A. § 303 (a) (4). United States v. Contract Steel Carriers, 350 U.S. 409, 100 L.Ed. 482, 76 S.Ct. 461 (1956).

However, 49 U.S.C.A. § 303 limits its definitions to application to the provisions of the Interstate Commerce Act— Part II, 49 U.S.C.A. §§ 301–327. It does not make these definitions of general application. Therefore, it would appear that Congress, in failing to define "common carrier" in 18 U.S.C.A. § 660, contemplated that it should be a term defined by the common law rather than by other statutes of specialized application, not criminal in nature. This conclusion is reinforced by the single instance in which Congress did make reference to the Interstate Commerce Act in its legislation relating to the interstate transportation of explosives. 18 U.S.C.A. § 831. Its intention that the definitions of the Interstate Commerce Act should apply in the case of 18 U.S.C.A. §§ 831–837 is made explicitly clear and it also gave the

Interstate Commerce Commission power to regulate such activity. 18 U.S.C.A. § 834.

■ The legislation of 18 U.S.C.A. §§ 831–837 may be regarded as the exception that proves the rule, and the Court concludes that the reference to common carrier in 18 U.S.C.A. § 660 relates to the common law definition of a common carrier. That being the case, Plaintiff is entitled to prove the allegation of the Indictment that Defendant's employer was a common carrier as defined by the common law and the Indictment is not subject to dismissal.

Defendant's Motion to Dismiss is overruled.